UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

STATE FARM FIRE & CASUALTY
COMPANY,     Plaintiff,

v.     Civil Action No. 3:16-cv-778-DJH

DANIEL FISCHER,     Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

Anthony Watson sued Daniel Fischer in Jefferson County, Kentucky Circuit court for an alleged assault that took place on a school bus. Fischer's parents held a homeowners insurance policy with State Farm at the time of the alleged assault. State Farm is currently defending Fischer in the state-court case under a reservation of rights. State Farm filed suit in this Court, seeking a declaration of rights regarding Fischer's coverage under the policy. (Docket No. 1) Fischer has moved to dismiss this action without prejudice, arguing that the Court should decline to exercise discretionary jurisdiction. (D.N. 8) After careful consideration, the Court will grant the motion to dismiss without prejudice.

**I.**     **Background**

In December 2010, students Daniel Fischer and Anthony Watson were involved in an altercation on a Jefferson County school bus that left Watson seriously injured. (D.N. 1-2, PageID # 8; D.N. 10-1, PageID # 95) In July 2016, Watson sued Fischer for assault and battery in Jefferson Circuit Court. (D.N. 1-2, PageID # 11) At the time of the 2010 altercation, State Farm insured Fischer's parents under a homeowners insurance policy that provided liability coverage to resident relatives, including their son Daniel. (D.N. 1, PageID # 2) According to the

1

parties, State Farm is currently providing a legal defense to Fischer in the state-court action under a reservation of rights. (D.N. 8-1, PageID # 72; D.N. 10, PageID # 82)

In December 2016, State Farm filed this declaratory judgment action, seeking a declaration of rights regarding Fischer's coverage under the policy for the alleged assault. (D.N. 1, PageID # 3) The policy contains an exclusion for bodily injury "which is either expected or intended by the insured" or "which is the result of willful and malicious acts of the insured." (D.N. 1-3, PageID # 45) State Farm wants to know whether this exclusion applies to the alleged assault in the state-court action. (D.N. 1, PageID # 2-3)

Fischer requests dismissal of this case without prejudice, arguing that the Court should decline to exercise its discretionary jurisdiction because the factual issues related to the school-bus altercation are pending before the Jefferson Circuit Court. (D.N. 8, PageID # 69) State Farm argues that this Court should take up the coverage issue, because it is not before the state court and because resolution of the coverage issue would involve legal and factual issues that are distinct from those in the state-court action. (D.N. 10, PageID # 83)

## II.    Standard

The Declaratory Judgment Act gives the Court discretion to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Thus, the Court has "discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Travelers Indem. Co. v. Bowling Green Prof'l Assocs., PLC*, 495 F.3d 266, 271 (6th Cir. 2007) (quoting *Adrian Energy Assocs. v. Mich. Pub. Serv. Comm'n*, 481 F.3d 414, 421 (6th Cir. 2007)).

In deciding whether to exercise jurisdiction under the Act, the Court must consider five factors:

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for res judicata["][;] (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008) (citing *Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984)).

### III. Discussion

Fischer argues that at least four of the factors weigh against the Court exercising jurisdiction. (D.N. 8-1, PageID # 74-77) State Farm asserts that all of the factors weigh in favor of the Court exercising jurisdiction. (D.N. 10, PageID # 83-92) The Court will consider each factor in turn.

#### A. Whether the Declaratory Action Would Settle the Controversy

Fischer posits that this action would settle only a portion of the controversy: the dispute regarding applicability of insurance coverage. (D.N. 8-1, PageID # 74) In response, State Farm argues that it would settle the controversy because (1) the legal and factual issues in this action are distinct from those in the state-court action; and (2) this action would settle the controversy between the parties as to coverage. (D.N. 10, PageID # 85, 88)

The parties' dispute on this factor represents an apparent split in Sixth Circuit authority that the court recognized in *Flowers*. "One set of cases has concluded that a declaratory relief action can settle the insurance coverage controversy not being addressed in state court, even though it will not help resolve the underlying state court action." *Scottsdale Insurance Co. v.*

3

*Flowers*, 513 F.3d 546, 555 (6th Cir. 2008). "A different group of cases, however, has found that, while such declaratory actions might clarify the legal relationship between the insurer and the insured, they do not settle the ultimate controversy between the parties which is ongoing in state court." *Id.* According to the Sixth Circuit, the difference between these lines of cases could be attributed to "the competing policy considerations of consolidating litigation into one court versus permitting a party to determine its legal obligations as quickly as possible." *Id.* But the court also noted that "the contrary results in these cases might also be explained by their different factual scenarios." *Id.* In the first line of cases, where courts retained jurisdiction, "the plaintiffs in the federal declaratory actions were not [parties] in the state court cases, and the insurance coverage issue was not before the state courts." *West Bend Mut. Ins. Co. v. Swain*, No. 3:16-CV-00532-CRS, 2017 WL 1439680, at *5 (W.D. Ky. Apr. 21, 2017) (citing *Flowers*, 513 F.3d at 556). In the second line of cases, where courts declined to exercise jurisdiction, "the insurance coverage controversies rested on fact-based questions of state law, and there was a risk of overlapping factual findings with state courts." *Swain*, 2017 WL 1439680, at *5 (citing *Flowers*, 513 F.3d at 555-56). Post-*Flowers*, this Court has decided that "where district courts, in declaratory judgment actions, will only have to decide purely legal questions or engage in fact-finding that does not affect the parties in the underlying action, the declaratory action need only settle the controversy . . . between the insured and the insurer." *Auto Club Prop.-Cas. Ins. Co. v. Denton*, No. 4:15-CV-00035-JHM, 2015 WL 4484173, at *4 (W.D. Ky. July 22, 2015).

To decide coverage in this case, this Court will have to determine whether the bodily injury at issue in the state-court proceeding was "either expected or intended by the insured" or "the result of willful and malicious acts of the insured." (D.N. 1-3, PageID # 45) Under Kentucky law, whether an insured expected or intended damage resulting in an insurance claim

is a question of fact for the jury. *James Graham Brown Found., Inc. v. St. Paul Fire & Marine Ins. Co.*, 814 S.W.2d 273, 276 (Ky. 1991). Therefore, State Farm's declaratory judgment action will require the Court to do more than decide "purely legal questions," *Denton*, 2015 WL 4484173, at *4. Moreover, in the state-court proceeding, Watson is suing Fischer for assault and battery. (D.N. 1-2, PageID # 11) Intent is an essential element of assault. *Graves v. Dairyland Ins. Grp.*, 538 S.W.2d 42, 45 (Ky. 1976). Therefore, this Court's fact-finding on intent for purposes of the insurance coverage dispute could affect the parties in the underlying state-court action. *See Denton*, 2015 WL 4484173, at *4.

This Court's decision in *Denton* is instructive. In that case, plaintiffs brought state-law claims (including one for battery) against defendants after an altercation that ended in physical injuries. *Id.* at *1. An insurance company provided the defense in the state-court action under a reservation of rights. *Id.* The insurance company filed an action in this Court seeking a declaration that it had no duty to defend based on a policy exclusion providing that "we do not cover liability for . . . bodily injury . . . expected, or intended or which should have reasonably been expected by the insured person." *Id.* at *2. The plaintiffs moved to dismiss the federal-court action, arguing that the Court should decline to exercise jurisdiction. *Id.*

The Court concluded that "[a]lthough [the insurance company] [was] not . . . a party to the action pending in state court, resolution of [the insurance company's] declaratory judgment action would require this Court to engage in fact-finding that may affect the underlying action." *Id.* at *4. For example, to determine whether the altercation fell under the "expected or intended" exclusion, the Court "would be required to determine whether the bodily injury suffered by the [plaintiffs] was 'expected, or intended, or . . . should have reasonably been expected' by [the insured]." *Id.* "Resolving this issue would demand an inquiry as to [the

5

insured's] intent—a factual issue that seems to this Court likely to be a part of the resolution of the civil action currently pending in state court." *Id.* (citing *Westfield Ins. Co. v. Siegel Founds.*, No. 3:10-CV-713-S, 2011 WL 3489353, at *4 (W.D. Ky. Aug. 9, 2011)). Concluding that it could not "settle the question of coverage without engaging in fact-finding that may impact the underlying action," the Court found that the declaratory judgment action would not settle the ultimate controversy. *Id.*

Similarly, in this case, the Court concludes that resolution of the coverage issue will not only require fact-finding, but that fact-finding may affect the parties in the underlying state-court action. To decide whether the exclusion at issue applies, the Court must determine whether Fischer "expected or intended" Watson's bodily injuries. (D.N. 1-3, PageID # 45) That determination necessarily involves fact-finding. *See James Graham Brown Found., Inc.*, 814 S.W.2d at 276. And the issue of intent is essential to Watson's state-court assault claim against Fischer. *See Graves*, 538 S.W.2d at 45. Thus, any factual findings this Court would necessarily make regarding intent in the declaratory judgment action would likely affect the resolution of the state-court action. *See Denton*, 2015 WL 4484173, at *4. The Court therefore concludes that the declaratory action would not settle the controversy. *See Liberty Mut. Fire Ins. Co. v. Bohms*, 490 F. App'x 721, 725 (6th Cir. 2012) (finding no error in district court's conclusion that declaratory judgment would not settle controversy because "the controversy [was] larger than just the rights and obligations under the policy"). Accordingly, the first factor weighs against exercising jurisdiction.

      **B.**     **Whether the Declaratory Action Would Clarify Legal Relations**

Fischer argues that the declaratory judgment action would not clarify the legal relations between the parties because it would settle only a portion of the controversy. (D.N. 8-1, PageID

# 74) State Farm argues that it would clarify the legal relations between the parties because it would determine whether liability coverage exists for the claims at issue in the state-court action. (D.N. 10, PageID # 88).

This factor "is closely related to the first factor and is often considered in connection with it." *Flowers*, 513 F.3d at 557. In *Flowers*, the Sixth Circuit also recognized a split in its precedent "concerning whether the district court's decision must only clarify the legal relations presented in the declaratory judgment action or whether it must also clarify the legal relations in the underlying state action." *Id.* The court concluded, however, that the focus should be on "whether a federal declaratory judgment will clarify the legal relationships presented to the district court." *Id.*

The declaratory judgment action would clarify the legal relations between Fischer and State Farm because it would determine whether Fischer's State Farm insurance policy covers Watson's claims against Fischer. (*See* D.N. 1) But this factor also calls upon the Court to determine whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations. *See Flowers*, 513 F.3d at 554. This Court has noted that state courts can "clarify these very same [insurance coverage] issues—perhaps better, with [their] state-law expertise and familiarity with [the] case." *Westfield Ins. Co.*, 2011 WL 3489353, at *4 (citing *Nautilus Ins. Co. v. Grayco Rentals, Inc.*, No. 10-133-ART, 2011 WL 839549, at *4 (E.D. Ky. Mar. 7, 2011)). Kentucky courts allow for declaratory relief. Ky. Rev. Stat. § 418.040. In light of that fact, it is uncertain whether this action would serve a useful purpose. *See Westfield Ins. Co.*, 2011 WL 3489353, at *4. Therefore, the Court finds that the declaratory judgment action would clarify the legal relations between Fischer and State Farm but that the usefulness of such clarification is in doubt. Accordingly, the second factor is neutral.

7

### C. Whether the Declaratory Action Is Being Used for "Procedural Fencing"

Fischer argues that this declaratory judgment action could be considered procedural fencing but that an analysis of this factor is "neutral." (D.N. 8-1, PageID # 75) State Farm argues that it filed this action after the underlying action was filed in state court and that there is no evidence that it engaged in procedural fencing. (D.N. 10, PageID # 89)

This factor "is meant to preclude jurisdiction for 'declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a "natural plaintiff" and who seem to have done so for the purpose of acquiring a favorable forum.'" *Flowers*, 513 F.3d at 558 (quoting *AmSouth Bank v. Dale*, 386 F.3d 763, 788 (6th Cir. 2004)). But courts should be reluctant to impute an improper motive where there is no evidence of one. *See id.*

Here, there are no facts demonstrating that the filing of this action was an attempt at procedural fencing. Therefore, the Court finds that this declaratory judgment action is not being used for "procedural fencing." Accordingly, the third factor is also neutral. *See Travelers Indem. Co.*, 495 F.3d at 272.

### D. Whether the Declaratory Action Would Increase Federal/State Friction

Fischer argues that (1) this Court would encroach on the state court's jurisdiction if it made a determination as to Fischer's culpability; and (2) the state court is in a better position to resolve the issues in the declaratory judgment action. (D.N. 8-1, PageID # 75) State Farm claims that (1) the Court would not decide any issues pending before the state court in determining coverage; and (2) the state court is not in a better position to resolve these issues because there are no "novel" issues of state law to address. (D.N. 10, PageID # 90)

To determine whether the exercise of jurisdiction would increase friction between federal and state courts, the Court considers three additional sub-factors:

> (1) whether the underlying factual issues are important to an informed resolution of the case; (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (3) whether there is a close nexus between underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Flowers*, 513 F.3d at 560 (citing *Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 814-15 (6th Cir. 2004)).

The first sub-factor "focuses on whether the state court's resolution of the factual issues in the case is necessary for the district court's resolution of the declaratory judgment action." *Id.* While the scope of insurance coverage "can sometimes be resolved as a matter of law," at other times "resolution of the issue raised in federal court will require making factual findings that might conflict with similar findings made by the state court." *Id.* In this case, resolution of the insurance coverage issue will require factual findings on intent, and those findings would be likely to affect the state-court action. *See supra* Section III.A. Thus, the exercise of jurisdiction would be inappropriate, *Flowers*, 513 F.3d at 560, and this sub-factor weighs against exercising jurisdiction.

The second sub-factor "focuses on which court, federal or state, is in a better position to resolve the issues in the declaratory action." *Id.* State courts are typically in a better position to decide "novel questions of state law." *Id.* But "when an insurance company '[is] not a party to the state court action, and neither the scope of insurance coverage nor the obligation to defend [is] before the state court . . . a decision by the district court on these issues would not offend principles of comity.'" *Id.* (quoting *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 454 (6th Cir. 2003)). In this case, State Farm is not a party to the state-court action, and the scope of insurance coverage is not currently before the state court. (*See* D.N. 1-2) Thus, this sub-factor weighs in favor of exercising jurisdiction.

The third sub-factor "focuses on whether the issue in the federal action implicates important state policies and is, thus, more appropriately considered in state court." *Flowers*, 513 F.3d at 561. "[I]ssues of 'insurance contract interpretation are questions of state law with which the Kentucky state courts are more familiar and, therefore, better able to resolve.'" *Travelers Indem. Co.*, 495 F.3d at 273 (quoting *Bituminous Cas. Corp.*, 373 F.3d at 815). "[S]tates regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulation." *Bituminous Cas. Corp.*, 373 F.3d at 815 (quoting *Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 279 (6th Cir. 1990)). Although this Court could resolve the state-law issue of insurance contract interpretation presented here, the state court is in a better position to do so. *See Flowers*, 513 F.3d at 561. Thus, this sub-factor weighs against exercising jurisdiction.

In sum, the Court finds that two of three sub-factors weigh against exercising jurisdiction. Accordingly, the fourth factor weighs against exercising jurisdiction.

### E. Whether There Is an Alternative Remedy

Fischer argues that (1) State Farm has an alternative remedy because it can refile its declaratory judgment action in the state-court action; and (2) a state-court remedy is more effective for reasons of efficiency and completeness. (D.N. 8-1, PageID # 76-77) State Farm argues that (1) it is not clear whether state-court remedies are better or more effective than a federal declaratory action; and (2) the federal court is not a clearly inferior forum because Kentucky law provides clear guidance on the legal issue presented. (D.N. 10, PageID # 91-92)

The inquiry on this factor "must be fact specific, involving consideration of the whole package of options available to the federal declaratory plaintiff." *Flowers*, 513 F.3d at 562. In this case, State Farm could have filed a declaratory action in state court. *See* Ky. Rev. Stat. §

418.040; *Flowers*, 513 F.3d at 562. Alternatively, State Farm could have filed an indemnity action at the conclusion of the state-court case. *See Flowers*, 513 F.3d at 562.

If State Farm filed a declaratory action in state court, that court could combine the underlying proceeding and the declaratory action "so that all issues could be resolved by the same judge," *id.* However, this Court is not a "clearly inferior forum" because "Kentucky precedent provides clear guidance as to the resolution of the legal issue presented," *id.*,—namely, the applicability of the "expected or intended" injury exclusion in State Farm's policy. *See James Graham Brown Found., Inc.*, 814 S.W.2d at 278 (offering "majority rule" that the "expected or intended" exception is "inapplicable unless the insured specifically and subjectively intends the injury giving rise to the claim"). An indemnity action is not a better remedy, however, because it would require State Farm to wait until the liability issue was resolved before determining its coverage obligation to Fischer. *See Flowers*, 513 F.3d at 562. Therefore, the Court finds that State Farm had two alternative remedies, only one of which might have been more effective than a federal declaratory action. Accordingly, the fifth factor weighs slightly against exercising jurisdiction. *See id.* at 562-63.

F. **Balancing the Factors**

In this case, three of the five factors weigh against this Court's exercise of jurisdiction. The remaining two factors are neutral. Although it is a close call, the Court declines to exercise jurisdiction over this matter.

11

## IV. Conclusion

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

(1) Fischer's motion to dismiss without prejudice (D.N. 8) is **GRANTED**.

(2) This matter is **DISMISSED** without prejudice and **STRICKEN** from the Court's active docket.